IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES R. MOORE** | **:** | |
| **Petitioner,** | **:** | |
| | **:** | |
| **v.** | **:** | **CIVIL ACTION NO.  15-5043** |
| | **:** | |
| | **:** | |
| **VINCENT MOONEY,** *et al.*, | **:** | |
| **Respondents.** | **:** | |

## ORDER

**AND NOW,** this 14th day of September 2016, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, and all related filings, and upon review of the Report and Recommendation ("R&R") of United States Magistrate Judge Timothy R. Rice, to which no objections have been filed, it is hereby **ORDERED** that:

1.      The Report and Recommendation is **APPROVED** and **ADOPTED**[1];

2.      The Petition for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE** and without an evidentiary hearing;

---

[1] Petitioner was convicted of unlawful possession of a firearm and possession of an instrument of crime ("PIC") in January 2010 following a gunfight at a Philadelphia speakeasy.  In March 2010, he was sentenced to two-and-one-half to five years imprisonment for his PIC conviction, followed by five to ten years imprisonment for his firearms conviction.  The Superior Court affirmed Petitioner's firearms conviction but reversed his PIC conviction; the Pennsylvania Supreme Court then vacated the Superior Court's order and remanded to the trial court for reinstatement of Moore's sentence.  Petitioner now seeks federal habeas relief, arguing as his sole ground that he lacked the requisite intent to be found guilty of the PIC offense.  However, habeas review "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States," *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991), and "federal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension," *Taylor v. Horn*, 504 F.3d 416, 448 (3d Cir. 2007) (quoting *Geschwendt v. Ryan,* 967 F.2d 877, 888-89 (3d Cir. 1992)); *see also* 28 U.S.C. § 2254(a).  As explained in the R&R, because Petitioner makes no reference to any federal law, and bases his claim solely on state law, Petitioner's claim is non-cognizable.  Moreover, to the extent Petitioner argues that the jury—which acquitted Petitioner of certain other charges—reached an inconsistent verdict by convicting Petitioner of the PIC charge, such a claim is foreclosed by clearly established law and cannot provide a basis for habeas relief.  *See United States v. Powell*, 469 U.S. 57 (1984).

3.      There is no probable cause to issue a certificate of appealability[2]; and

4.      The Clerk of Court is directed to **CLOSE** the case.

It is so **ORDERED**.

BY THE COURT:

/s/ **Cynthia M. Rufe**

_____
**CYNTHIA M. RUFE, J.**

---

[2] Petitioner has not made a substantial showing of the denial of a constitutional right; there is no basis for concluding that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).